1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   ZANE HUBBARD,                          **1: 14-cv-361  AWI-GSA**

12              Plaintiff,                   **FINDINGS AND RECOMMENDATIONS**
                                            **RECOMMENDING DISMISSAL OF THIS**
13         v.                                **ACTION WITHOUT LEAVE TO AMEND**

14

15   MICHAEL J. SENG and MOLLY C.
     DWYER,
16
                Defendants.
17

18                            **INTRODUCTION**

19        Plaintiff, Zane Hubbard ("Plaintiff"), appearing pro se, filed the instant civil rights

20
     complaint alleging violations of 42 U.S.C. § 1983.  (Doc. 1).   Plaintiff has named Michael J.
21
22   Seng, a United States Magistrate Judge, and Molly C. Dwyer, Clerk of the Court for the United

23   States Court of Appeals for the Ninth Circuit, as Defendants in this action ("Defendants").  The

24   court has screened the complaint and recommends that the complaint be dismissed without leave

25   to amend.

26   ///

27   ///

28

                                            1

1

**DISCUSSION**

2

**A.**    **Screening Standard**

3

4

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

5

complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

6

if the court determines that the action is legally "frivolous or malicious," fails to state a claim

7

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

8

such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a

9

claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

10

cured by amendment.

11

A complaint must contain "a short and plain statement of the claim showing that the

12

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

13

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14

conclusory statements, do not suffice*."  Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing

15

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

16

must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

17

face.'"*Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual

18

allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

19

20

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

21

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

22

support of the claim or claims that would entitle him to relief.  See *Hishon v. King & Spalding*,

23

467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v.*

24

*Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

25

complaint under this standard, the Court must accept the allegations in the complaint as true,

26

27

*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se

28

2

pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id.*

**B.      Plaintiff's Allegations**

Plaintiff alleges that United States Magistrate Judge Michael Seng committed civil "coercive" contempt because he has denied every case he has "gotten a hold of."  (Doc. 1 pg. 3). Specifically, Plaintiff contends that Judge Seng wrongly dismissed his habeas petition in *Hubbard v. Dwyer,* Case No. 1:13-cv-2069 LJO MJS(HC) and denied him the "right to relief from Constitutional torture" in violation of  "Penal Code § 1209(a)." Moreover, he alleges that Defendant Molly Dwyer, the Clerk of the Court for the Ninth Circuit Court of Appeal, acted in concert with Judge Seng.  As a result, Plaintiff requests that Defendant Seng be held in contempt and pay Plaintiff a fine of $4,000.00.  He also requests that Defendant Dwyer be given a warning regarding her actions.

**C.      Analysis**

**1.      42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress ...
> 42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged

deprivation was committed by a person acting under color or state law.  *West v. Atkins*, 487 U.S. 42 (1988).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

In this instance, Plaintiff's complaint contains allegations  which wholly fail to identify any cognizable deprivation of a Constitutional right, or any violation of a United States law. Moreover, this Court is unaware of any Constitutional violation that would encompass Plaintiff's allegations, nor is there a legal remedy that would provide him with the relief he is seeking. Therefore, Plaintiff has failed to state a claim under section 1983.

### 2.    *Judicial Immunity*

Even if Plaintiff had stated a cognizable § 1983 claim, "[I]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions,'" *Miller v. Davis*, 521 F.3d at 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871); *Ashelman v. Pope*, 793 F. 2d 1072, 1075 (9th Cir. 1988).  Plaintiff is alleging Judge Seng acting improperly when deciding his habeas case.  However, this act was a judicial function performed by Judge Seng in his judicial capacity.  Therefore, even if Plaintiff's allegations were true, Judge Seng is immune from suit.  *See*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judges retain their immunity when they are accused of acting maliciously or corruptly); *Ashleman*, 793 F. 2d at 1077 (judges retain immunity when acting in error).  Similarly, the Clerk of the Court for the Ninth Circuit Court of Appeals is entitled to absolute quasi-judicial immunity because her challenged activities were an integral part of the judicial process.  *Mullis v. U.S.*

*Bankr. Court,* 828 F. 2d 1385, 1390 (9ᵗʰ Cir. 1987); *Sharma v. Stevens*, 790 F. 2d 1486 (9ᵗʰ Cir. 1986); *Morrison v. Jones*, 607 F. 2d 1269, 1273 ((9ᵗʰ Cir. 1979). Therefore, Molly Dwyer is also immune from suit.

### *3.    Conclusion*

Given that the above, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983.  Since these deficiencies are not curable by amendment, the Court will recommend that Plaintiff's complaint be dismissed without leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### RECOMMENDATION

For the reasons set forth above, the Court recommends that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

These findings and recommendations are submitted to the District Court Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(B).  Within **thirty (30) days** after the date of this Finding and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 11, 2014__           _____ **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28