UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ZANE HUBBARD,**<br><br>　　　　**Plaintiff**<br><br>　　v.<br><br>**MICHAEL J. SENG, and MOLLY DWYER,**<br><br>　　　　**Defendants** | **CASE NO. 1:14-CV-361 AWI GSA**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Doc. No. 10) |

　　On September 4, 2014, the Court adopted a Findings and Recommendation ("F&R") and dismissed this case. See Doc. No. 8. On September 19, 2014, Plaintiff filed a motion for reconsideration under Federal Rules of Civil Procedure 59 and 60. See Doc. No. 10. In Plaintiff's motion, he argues that Defendant Seng, who is a Magistrate Judge of the Eastern District of California, committed judicial misconduct in prior cases filed by Plaintiff, has improperly denied motions to recuse himself, is not an impartial jurist, has improperly construed Plaintiff's complaints so as to deny relief even though the complaints state cognizable claims, and has engaged in conduct that are worthy of contempt proceedings. See id.

　　"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014); Kona Enters. v. Estate of Bishop, 229 F.3d 877, 883 n.6, 890 (9th Cir. 2000). Rule 59(e) amendments are appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. Wood, 759 F.3d at 1121; Kona Enters., 229 F.3d at 890. This standard is a "high hurdle." Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001). Similarly, Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc., 282 F.R.D. 216, 220 (D. Ariz. 2012); United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has failed to show that he is entitled to relief under Rule 59 or Rule 60. Plaintiff has not presented newly discovered evidence, or shown mistake, fraud, clear error, manifest injustice, or extraordinary circumstances. Magistrate Judge Seng had nothing to do with F&R, or with the order adopting the F&R that closed this case. Moreover, at bottom, Plaintiff is simply complaining about judicial decisions by Magistrate Judge Seng that Plaintiff himself perceives as incorrect, and this Court's conclusion that relief is unavailable to Plaintiff. Plaintiff's mere disagreement with either Magistrate Judge Seng's rulings in prior cases or this Court's adoption of an F&R is not a legitimate basis for reconsideration. See Apollo Group, 282 F.R.D. at 220; Westlands Water, 134 F.Supp.2d at 1131.

**ORDER**

Accordingly, IT IS HEREBY ORDERD that Plaintiff's motion for reconsideration (Doc. No. 10) is DENIED.

IT IS SO ORDERED.

Dated:   August 13, 2015                                  _____
                                                          SENIOR DISTRICT JUDGE